UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

Luqman Dabiri,

                    Plaintiff,          08-CV-4718 (CPS)(JMA)

     -againgt-                          MEMORANDUM
                                        OPINION AND
Federation of States Medical Boards     ORDER
of the United States, Inc. and the
General Medical Council,

                    Defendants.

-----------------------------------X
SIFTON, Senior Judge.

     Plaintiff Doctor Luqman Dabiri commenced this action against

defendants Federation of States Medical Boards of the United

States, Inc. ("FSMB") and the General Medical Council ("GMC") on

November 20, 2008. Plaintiff alleges that GMC, a non-profit

incorporated in the United Kingdom, deprived him of Due Process

when it suspended his medical license without notice of hearing

and when it forwarded that suspension information to FSMB for

inclusion in reports of plaintiff's medical disciplinary history

disseminated in the United States. Plaintiff further alleges that

GMC deprived him of income in excess of $200,000 when he became

unable to secure employment as a result of GMC's transmission of

information about suspension of his license to FSMB. Plaintiff

seeks the following remedies pertaining to the results of

hearings allegedly held by GMC without notice to plaintiff: a

permanent injunction restraining GMC from transmitting results of

these hearings to any institution in the United States, an order

declaring GMC's findings as to plaintiff resulting from these hearings null and void in the United States, an order restraining FSMB from including information from GMC resulting from these hearings in plaintiff's records, damages, costs, and attorneys' fees.

Now before the court are motions by defendants to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of personal jurisdiction pursuant to Rule 12(b)(2), for improper venue pursuant to Rule 12(b)(3), and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). For the reasons stated below, the motions are granted.

### BACKGROUND

The following facts are taken from plaintiff's complaint, which are taken as true for the purposes of the Rule 12(b)(6) motion, from exhibits annexed thereto, and from the parties' submissions in connection with this motion. Disputes are noted.

*The Parties*

Plaintiff is a citizen of the United States and a resident of New York State. Plaintiff is a medical doctor and a surgeon with specializations in general surgery, obstetrics, and gynecology. He has performed fellowships in Ireland and Nigeria, and studied surgery in England and New York.

Defendant FSMB is a non-profit corporation incorporated under the laws of Nebraska. Its only office is located in Dallas, Texas. FSMB represents medical boards of the United States and its territories. FSMB maintains a data bank of reports of disciplinary actions against medical doctors from boards in the United States as well as agencies in the Canadian provinces, New Zealand, Australia, and the United Kingdom.

Defendant GMC is a statutory entity created by the British Parliament under the Medical Act of 1858. It is incorporated as a registered charity in England, Wales, and Scotland, where it has offices. It is a public authority whose decisions are susceptible to judicial review in the United Kingdom's administrative courts. The functions of GMC include: keeping up to date registers of qualified doctors, fostering good medical practice, and addressing concerns about doctors whose fitness to practice medicine is in doubt.

*Factual Allegations*

Plaintiff practiced medicine in England from 1994 to 1999, during which time he was subject to the jurisdiction of GMC. Complaint at ¶¶ 22-23 ("Compl."). While in England, plaintiff was the victim of racial and national origin discrimination.[1] *Id.* at ¶ 27. Plaintiff wrote letters to the British Medical Association

---

[1]Plaintiff does not describe the nature of the discrimination in his complaint or papers.

("BMA"), a professional body and trade union, complaining of the discrimination. *Id*. at ¶¶ 29-31. Dr. Bill O'Neil of the BMA Professional Resource and Research Group interviewed plaintiff, following which he wrote in a letter to GMC dated January 20, 1999, stating that plaintiff may have been the victim of discrimination, and, furthermore, that he appeared to be suffering from a delusionary state. Compl. Ex. 1.

Following Dr. O'Neil's letter report, GMC commenced an investigation into plaintiff's competency to practice medicine and summoned plaintiff to a hearing. Compl. at ¶ 37. Plaintiff appeared before the GMC Health Committee twice, although the second hearing was adjourned; plaintiff was advised that the hearing would be reconvened. *Id*. at ¶ 39. Plaintiff informed the Committee at a hearing on June 25, 1999 that he was migrating to the United States. *Id.* at ¶ 41. In 1999, plaintiff surrendered his license to the Committee. *Id*. at ¶ 42.

The GMC Health Committee decided at its October 27, 1999 meeting that plaintiff's fitness to practice medicine was seriously impaired and directed that his registration be subject to conditions for 12 months, after which the committee would reconsider the case. Compl. Ex. 1. These restrictions were put in place on November 29, 1999. Compl. Ex. 2. The Committee continued to hold several hearings on plaintiff's matter without notice to plaintiff or his attorney. Compl. at ¶ 43. As a result of these

hearings, plaintiff's registration was suspended on November 6, 2000, and his license was suspended on December 5, 2000. On December 4, 2003, the Health Committee again suspended plaintiff's registration.

Plaintiff did not know about GMC's actions until April, 2007, when he wrote to FSMB and requested a copy of FSMB's summary of reported actions pertaining to his medical practice. *Id*. at ¶ 50. The letter sent by FSMB's physician data manager to plaintiff stated that the report summarized all reportable information concerning plaintiff. Compl. Ex. 2. The letter further stated that the FSMB only considered reports from state boards, federal agencies and federal departments, and if plaintiff deemed the report incorrect or incomplete, he must contact the agency that furnished the report. *Id*. The letter informed plaintiff that the FSMB assumed no responsibility for errors or omissions contained in the report. *Id*.

Neither plaintiff nor FSMB solicited GMC's report of plaintiff's suspensions, and the GMC sent FSMB the report without notice to plaintiff. Compl. at ¶ 54. Once provided to the FSMB, plaintiff's suspension information became available to prospective employers in the United States. *Id*. at ¶ 59. As a result of this information in plaintiff's record, plaintiff alleges he has been unable to secure a license or job in the United States. *Id*. at ¶ 60. Plaintiff alleges that he has lost

income in excess of $200,000 as a result of the suspension

records provided by the GMC to FSMB.[2] *Id*. at ¶ 61.

A request by plaintiff to the GMC that these suspensions be

expunged from his records was denied. *Id*. at ¶ 57.

## DISCUSSION

Defendants move to dismiss the complaint on four different

grounds: lack of subject matter jurisdiction, lack of personal

jurisdiction, improper venue, and failure to state a claim upon

which relief may be granted.

### I. Subject Matter Jurisdiction

### A. Defendant GMC

Defendant GMC contends, and plaintiff concedes, that the

GMC, as a creation of the British Parliament, is an "agency or

instrumentality of a foreign state," and as such this Court may

not exercise jurisdiction over the GMC except pursuant to the

Foreign Sovereign Immunities Act (the "FSIA"), which "provides

the sole basis for obtaining jurisdiction over a foreign state in

the courts of this country." 28 U.S.C. § 1603(b); *Argentine

Republic v. Amerada Hess Shipping Corp*., 488 U.S. 428, 443; 109

S. Ct. 683; 102 L. Ed. 2d 818 (1989). "Under the [FSIA], a

foreign state is presumptively immune from the jurisdiction of

---

[2]At oral argument, counsel for plaintiff stated that plaintiff was employed at various New York hospitals until two years ago, when he became unable to secure employment. This difficulty appears to have caused plaintiff to seek a copy of his FSMB report. Plaintiff further stated at the argument that he had recently received a Florida medical license.

United States courts; unless a specified exception applies, a federal court lacks subject matter jurisdiction over a claim against a foreign state." *Saudi Arabia v. Nelson*, 113 S. Ct. 1471, 1476; 507 U.S. 349; 123 L. Ed. 2d 47 (1993); *see also* 28 U.S.C. § 1604. "[O]nce the defendant presents a prima facie case that it is a foreign sovereign, the plaintiff has the burden of going forward with showing that, under exceptions to the FSIA, immunity should not be granted... although the ultimate burden of persuasion remains with the alleged foreign sovereign." *Cargill Int'l S.A. v. M/T Pavel Dybenko*, 991 F.2d 1012, 1016 (2d Cir. 1993) (internal citations omitted). General exceptions to immunity are listed in 28 U.S.C. §§ 1605.

Plaintiff argues that his claim falls within the following exception to FSIA's immunity rule:

> [A foreign state shall not be immune in a case] in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

28 U.S.C. § 1605(a)(2). Plaintiff alleges that GMC engaged in commercial activity when it promoted health issues in the United Kingdom by educating the general public, keeping a register of doctors, and charging fees. Even if these assertions are taken as true, they are "insufficient to support a finding of commercial

activity in the face of [GMC's] sworn affidavit evidence to the contrary." *Antares Aircraft v. Fed. Repub. of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991). GMC states that it is a public authority and a charitable organization. Declaration of James Percival at ¶¶ 2, 6. The GMC is not a commercial organization. None of the other exceptions to FSIA immunity apply in this case. 28 U.S.C. § 1605(a). This Court lacks subject matter jurisdiction over plaintiff's claim against defendant GMC. No amendment to the complaint would cure this defect. Accordingly, the complaint against GMC is dismissed without leave to amend. *See Barrett v. U.S. Banknote Corp.*, 806 F.Supp. 1094, 1098 (S.D.N.Y. 1992) ("Leave to amend will not be granted... where there are no colorable grounds for the proposed claim - that is, where amendment would prove futile.") (citing *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)). I proceed to consider the subject matter jurisdiction ground for dismissal and the remaining grounds as they pertain to FSMB only.

**B. Defendant FSMB**

Plaintiff's complaint asserts that this Court has diversity jurisdiction over defendants pursuant to 28 U.S.C. § 1332, which provides that "district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between... citizens of different states." 28 U.S.C. § 1332(a).

Plaintiff is a citizen of New York, and defendant FSMB is a citizen of Nebraska. The diversity requirement is met with regard to citizenship. However, FSMB contends that plaintiff has failed to show that the matter in controversy exceeds $75,000.

"In a diversity case, the party invoking the jurisdiction of the federal court bears the burden of establishing a reasonable probability that the amount in controversy requirement of 28 U.S.C. § 1332(a) is met." *Burns v. King*, 160 Fed. Appx. 108, 111 (2d Cir. 2005). "This burden is hardly onerous, however, for we recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assur. Soc'y of the United States*, 347 F.3d 394, 397 (2d Cir. 2003). "To overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." *Id.* "Where the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings." *Tongkook Am. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994).

Defendant FSMB argues that, because the complaint alleges damages only against the GMC, does not mention FSMB in its causes of action, and the only relief requested against FSMB is an order restraining FSMB from including plaintiff's suspensions in its reports, plaintiff has failed to allege the requisite dollar

amount in controversy, and therefore this court lacks diversity jurisdiction. Plaintiff has made a claim for $200,000 in damages against defendant GMC, but does not include FSMB in this demand. On the face of the complaint, plaintiff has failed to meet the matter in controversy requirement of § 1332. However, given strong presumption against dismissing a complaint for failure to meet the matter in controversy requirement, an inference may be drawn that plaintiff intended to assert his claim for money damages against both defendants, and therefore that plaintiff has satisfied the amount in controversy requirement. The motion to dismiss the complaint against FSMB for lack of subject matter jurisdiction is granted with leave to amend.

## II. Personal Jurisdiction

"The requirement that federal courts have personal jurisdiction over the litigants before them arises from an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Arar v. Ashcroft*, 532 F.3d 157, 173 (2d Cir. 2008) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72; 105 S. Ct. 2174 (1985)) (internal quotation marks omitted). In opposing a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999). However,

prior to discovery, plaintiff need only make a prima facie
showing of jurisdiction. *See Jazini v. Nissan Motor Co.*, 148 F.3d
181, 184 (2d Cir. 1998). "[A] prima facie showing of
jurisdiction... means that plaintiff must plead facts which, if
true, are sufficient in themselves to establish jurisdiction."
*Bellepointe, Inc. v. Kohl's Dept. Stores, Inc.*, 975 F.Supp. 562,
564 (S.D.N.Y. 1997). "Eventually, of course, the plaintiff must
establish jurisdiction by a preponderance of the evidence, either
at a pretrial evidentiary hearing or at trial. But until such a
hearing is held, a prima facie showing suffices, notwithstanding
any controverting presentation by the moving party, to defeat the
motion." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904
(2d Cir. 1981). A court addressing a 12(b)(2) motion may consider
matters outside the pleadings, and the complaint and any
affidavits are to be construed in the light most favorable to the
plaintiff. *PDK Labs v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir.
1997).

District courts resolving issues of personal jurisdiction
engage in a two-part analysis. *Bank Brussels Lambert v. Fiddler
Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). "In
diversity or federal question cases the court must look first to
the long-arm statute of the forum state, in this instance, New
York." *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 27 (2d
Cir. 1997) (quoting *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105,

1108 (2d Cir. 1997)). Second, "courts must determine whether an exercise of jurisdiction under these laws is consistent with federal due process requirements." *Bank Brussles*, 171 F.3d at 784 (citing *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996)). Due process requires that an out-of-state defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316; 66 S. Ct. 154; 90 L. Ed. 95 (1945).

Plaintiff alleges that this court has personal jurisdiction over FSMB because FSMB contracts to supply services to and transacts business in New York, which is a ground under New York law for extending long-arm jurisdiction.[3] A nondomiciliary "transacts business" under § 302(a)(1) when it "'purposefully avails itself of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its

_____

[3]New York State's long-arm statute states, in pertinent part, that personal jurisdiction is permitted over a non-domiciliary who, in person or through an agent:
  (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or
  (2) commits a tortious act within the state...; or
  (3) commits a tortious act without the state causing injury to person or property within the state... if he
      (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
      (ii) expect or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
  (4) owns, uses or possesses any real property situated within the state.
N.Y. C.P.L.R. 302(a).

laws.'" *McKee Electric Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 382; 229 N.E.2d 604; 283 N.Y.S.2d 34 (1967) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253; 78 S. Ct. 1228; 2 L. Ed. 2d 1283 (1958)). A single purposeful action directed at New York is sufficient, as long as it bears a substantial relationship to the cause of action. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 787 (2d Cir. 1999). The defendant need not enter New York to be viewed as transacting business in the state. *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467; 522 N.E.2d 40; 527 N.Y.S.2d 195 (1988). However, defendant's communication from another locale with a party in New York is not sufficient to establish personal jurisdiction. *See Beacon Ents., Inc. v. Menzies*, 715 F.2d 757, 766 (2d Cir. 1983); *Slapshot Beverage Co. v. Southern Packaging Machinery, Inc.*, 980 F.Supp. 684, 687 (E.D.N.Y. 1997).

Plaintiff contends that FSMB avails itself of the opportunity to do business in New York each time it collects and exchanges information with others regarding plaintiff and other New York residents.[4] Plaintiff's allegation that FSMB collected information about plaintiff, a New York resident, does not establish personal jurisdiction over FSMB, without a further showing that FSMB had contacts with the New York forum. In his

---

[4]Plaintiff has not alleged that defendant FSMB has any other connections to the New York forum that would subject it to personal jurisdiction. FSMB argues that it has no contacts with New York.

complaint, plaintiff has not alleged that FSMB sent a report about plaintiff to any entities or persons in New York State, nor has plaintiff established that sending such a report would provide sufficient contacts with the forum to subject FSMB to personal jurisdiction in New York. Plaintiff has failed to plead facts which, if true, are sufficient to subject FSMB to personal jurisdiction, and has thereby failed to carry his burden of showing that this Court has personal jurisdiction over FSMB. The motion to dismiss for lack of personal jurisdiction is granted.

**III. Venue**

Defendant FSMB argues that venue is improper in the Eastern District. Venue is governed by 28 U.S.C. § 1391 in cases where the court's subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. Pursuant to § 1391(a), a diversity action may be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

FSMB does not reside in New York and the substantial events giving rise to this action took place in England. Personal jurisdiction over FSMB is lacking, as previously discussed. The

motion to dismiss the complaint for improper venue is granted.

III. **Failure to State a Claim**

In considering a motion pursuant to Rule 12(b)(6), a court should construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (internal citations and quotations omitted), although "mere conclusions of law or unwarranted deductions" need not be accepted. *First Nationwide Bank v. Helt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994). In a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995). Dismissal is appropriate only when it "appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan,* 235 F.3d 80, 83 (2d Cir. 2000).

Nevertheless, to survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet the standard of "plausibility." *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1970 (2007). Although the complaint need not provide "detailed factual allegations," *id*. at 1964; *see also ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 n.2 (2d Cir. 2007) (applying the standard of plausibility outside *Twombly*'s anti-trust

context), it must "amplify a claim with some factual
allegations... to render the claim *plausible*." *Iqbal v. Hasty*,
490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). In
other words, the complaint must provide "the grounds upon which
[the plaintiff's] claim rests through factual allegations
sufficient 'to raise a right to relief above the speculative
level.'" *ATSI Commc'ns*, 493 F.3d at 98 (quoting *Twombly*, 127
S.Ct. at 1965). In addition, a complaint should be dismissed
under Rule 12(b)(6) if a court finds that the plaintiff's claims
are barred as a matter of law. *Conopco, Inc. v. Roll Intern.*, 231
F.3d 82, 86 (2d Cir. 2000).

Plaintiff asserts two causes of action in his complaint,
neither of which mentions defendant FSMB. The only material
allegations in the complaint against FSMB are: (1) that FSMB
received and disseminated information received from GMC about the
suspensions of plaintiff's license, where the suspensions were
not based on meritorious findings, but rather on the fact that
plaintiff was not present at the hearings, Compl. at ¶¶ 55, 56;
and (2) that although FSMB claims it does not retain or
disseminate information relating to physicians other than
official reports from state boards, federal agencies, or
departments, it continues to retain reports pertaining to
plaintiff that originated in England. Therefore, the FSMB has
also erroneously classified these suspension reports from England

as reportable information. *Id*. at ¶¶ 52, 53. Plaintiff offers no indication of how these allegations give rise to a legal claim. An investigation of the possible claims that plaintiff might raise reveals that plaintiff has failed to state a cause of action upon which relief may be granted, even under the liberal standards applicable to Rule 12(b)(6) motions.

Plaintiff has not properly made out a claim for defamation, a critical element of which is that the statement in question be false.[5] It is not disputed that the information reported by FSMB about plaintiff, that plaintiff's license had been suspended, was true.

There is no basis for plaintiff to allege that FSMB violated plaintiff's due process rights, given that there is no allegation that FSMB is a state actor.[6] Nor can plaintiff make out a claim that FSMB aided and abetted the GMC in causing a tort against him, as plaintiff has not alleged that FSMB had any knowledge of the manner in which the suspension hearings were conducted, let

---

[5]"Under New York law, a plaintiff must establish five elements to recover in libel:
1) a written defamatory statement of fact concerning the plaintiff;
2) publication to a third party;
3) fault (either negligence or actual malice depending on the status of the libeled party);
4) falsity of the defamatory statement; and
5) special damages or per se actionability (defamatory on its face)."
*Celle v. Filipino Reporter Enters. Inc.,* 209 F.3d 163, 176 (2d Cir. 2000).

[6]To state a claim pursuant to 42 U.S.C. ¶ 1983, a plaintiff must allege that a state actor or a person acting under color of state law deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) .

alone a role in the suspension.[7] FSMB simply reported information that had been reported to it, including in its report a disclaimer stating that FSMB did not vouch for the accuracy of the information. *See* Compl. Ex. 2.

Plaintiff implies that FSMB has failed to adhere to its reporting standards, as stated in its letter to plaintiff about the source of its reports, because the GMC is not a state board or federal agency or department. The language pertaining to the sources of FSMB's information is drawn from a letter sent by an FSMB data manager to plaintiff regarding his request for his report. *See* Compl., Ex. 2. Plaintiff has offered no reason why this language should be binding on FSMB, nor has plaintiff explained why the language does not include the GMC, which is a state body from the United Kingdom.

Drawing all reasonable inferences in favor of plaintiff, I find that the complaint fails to state a cause of action against defendant FSMB. Defendant FSMB's motion to dismiss pursuant to 12(b)(6) is granted.

---

[7]Under New York law, the elements of aiding and abetting a tort include: "(1) a wrongful act producing an injury; (2) the defendant's awareness of a role as a part of an overall illegal or tortious activity and the time he provides his assistance; and (3) the defendant's knowing and substantial assistance in the principal violation." *Lindsay v. Lockwood*, 163 Misc. 2d 228, 233; 625 N.Y.S.2d 393, 397 (Sup. Ct. Monroe Co. 1994) (internal quotations omitted). In response to the motion to dismiss, plaintiff claims that "FSMB deprived plaintiff of the ability to earn a living as a physician when it included fundamentally unfair reports of suspension and revocation in Dr. Dabiri's profile even after it was informed that the reports were products of hearings in which Dr. Dabiri had no notice." These claims were not included in the complaint, and therefore are not pertinent to the consideration of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

**CONCLUSION**

For the reasons stated above, defendant GMC's motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is granted with prejudice. Defendant FSMB's motions to dismiss the complaint for lack of jurisdiction pursuant to Rule 12(b)(1) and (2), for improper venue pursuant to Rule 12(b)(3), and for failure to state a claim pursuant to Rule 12(b)(6) are granted with leave to amend. The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.

Dated:      Brooklyn, New York
            March 25, 2009

                        By: /s/ Charles P. Sifton (electronically signed)
                              United States District Judge