UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------X

LUQMAN DABIRI, Plaintiff

-Against-                                                              1:08-cv-04718-EK-JXA

FEDERATION OF STATES MEDICAL BOARDS OF

THE UNITED STATES, INC. ET AL

------------------------------------------------X

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO SEAL

Plaintiff Dabiri hereby respectfully move this court for an order sealing all adverse information about plaintiff in the above captioned case. Specifically, plaintiff requests the sealing of DOCKET NO. 08-CV-4718 (CPS) (JMA).

This Court have subject matter jurisdiction in this case because it was the court of original jurisdiction as per the original issue, it also has ancillary jurisdiction to administer justice within the scope of its jurisdiction, Garcia v. Teitler, 443 F.3d 202, 208 (2d Cir. 2006), 28 U.S.C. § 1367(a); Rufu v. United States, 20 F.3d 63, 65 (2d Cir.1994).

The medical information content of the case has been a source of innumerable hardship, resulting in lack of employment, lost jobs and wages, and career advancement.

The case contains and publicizes sensitive medical information.

In addition, the information was investigated and found to be incorrect, as confirmed by the attached reports:

a) Report dated 5/28/2009, by Azim Etemadi, MD (Board Certified Neurology and Psychiatry).

b) Report dated 3/16/2010 by Hugh Forde, Ph.D. (Licensed Psychologist)

c) Report dated 02/4/2014 by Professional Resource Network, the Contracted Consultant to the Florida Department of Health and the Department of Business Professional Regulations.

d) The September 5, 2012, report by Hugh Butts, MD (diplomate of American Board of Psychiatry and Neurology. Dr. Butt is a Psychiatrist and a Psychoanalyst).

Docket No. 08-CV-4718 (CPS) (JMA) has no probative value as to public interest, here the privacy interests outweigh the presumption of public access. The case remained a constant threat and harm to my total well-being because of the incorrect information that it contains.

Docket No. 08-CV-4718 (CPS)(JMA) must be sealed because of the following:

1. **INCORRECT PSYCH REPORT:** Five reports from the USA did not confirm the England report (I made a formal complaint of racial discrimination via my attorney but was accused of mental illness). The diagnosis of mental illness based on racial discrimination complaints is not supported by the Diagnostic and Statistical Manual (DSM).
2. **JOB LOSSES:** Because of the erroneous reports in the case, several jobs' offers have been withdrawn at the last minute after a background check. I have experienced numerous difficulties in obtaining a job placement or a professional career position. Often, the interview would go very well. However, during background checks, a refusal/withdrawal to offer a position would occur at the last minute. I have had to resort to getting a job through a mentor. On one of these occasions, my mentor was informed that a previously offered position would be withdrawn due to information found on the internet from Docket No. 08-CV-4718 (CPS) (JMA). Please see attached tax documents as proof my inability to earn a living as a medical doctor.

3. **INABILITY TO BE BOARD CERTIFIED:** Eligibility for board certification examination calls for a background check, because of the erroneous information, plaintiff has suffered several delays, postponement, and an outright denial of the opportunity to be certified. The American Board of Obstetrics and Gynecology referred to information on Docket No. 08-CV-4718 (CPS) (JMA) to revoke my board certification in 2014.
4. **OUTRIGHT FALSE INFORMATION:** The defendant's attorney wrongfully described my professional career in England as that of an incompetent physician. The fact is that I never had any poor outcomes, disciplinary issues, or malpractice issues or outcomes in England. There was no scintilla of evidence offered to support the defendant's attorney assertions.
5. **TO PREVENT FUTURE DIFFICULTIES:** Naturally, I am still seeking to be board certified. If this information is still available on the internet, it may again be a cause for denial of such an opportunity.
6. **TO PREVENT UNDUE HARDSHIP:** Because of the adverse information contained in Docket No.08-CV-4718 (CPS) (JMA) I have been unable to earn a living in the field that I have spent several years studying and working to achieve. I have been reduced to working menial employment which is not enough to satisfy the burdens that come with living. Even with my medical degree and several professional endorsements, I have been living on income that is within the poverty level, causing inability to even hire an attorney to work on my behalf.
7. Allowing this docket to continue is a violation of the HIPAA laws of 1996, this federal law, gives individual rights over their health information and sets rules and limits on who can look at and receive their health information. The Privacy Rule applies to all forms of individuals' protected health information, whether electronic, written, or oral. The Security Rule is a federal law that requires security for health information in electronic form. Through my individual efforts, I was able to persuade Google to remove the information

from their search engine. Please see attached letters, however, there are other search engines that have refused to do so pending a court order. This is the reason why the Court must grant this request, so as to stop the ongoing violations of my privacy rights.

## DISCUSSION:

Though this case is from the Fourth Circuit, it is however very persuasive, Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000), sets out the legal standard that Courts must apply when determining whether it is appropriate to order the sealing of documents. It states that before entering an order to seal, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."

The first Ashcraft consideration, i.e., public notice of the motion to seal, is satisfied by docketing the motion "reasonably in advance of deciding the issue." In re Knight Publ'g Co., 743 F.2d 231, 235 (4th Cir. 1984). Plaintiff's motion to seal has been on notice since June 14, 2022.

The second Ashcraft consideration is satisfied because there are no less drastic alternatives to sealing the case. Redacting information from the exhibit is not a viable option because the adverse information is scattered all over the case. While redacting sensitive information from the exhibit at issue would protect plaintiff, there is no viable way to do that competently in this case.

The third Ashcraft consideration - that the Court "provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives" - is satisfied by the findings of fact in the proposed Order accompanying this Motion.

In Brown v. Maxwell, 929 F. 3d 41 - Court of Appeals, 2nd Circuit, the circuit court held that district courts "should exercise the full range of their substantial powers to ensure their files do not become vehicles for defamation." Here the unproven statements of the court filings in this case have become a tool of defamation of my character, causing several harms to my well-being.

WHEREFORE, the Plaintiff respectfully requests that the Court enter an order sealing Docket No. 08-cv-04718-(CPS) (JMA) in its entirety.

Respectfully submitted,

Luqman Dabiri,  *[signature]*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT

-------------------------------------------x

LUQMAN DABIRI, Plaintiff

v.                                                                                          1:08-cv-04718-EK-JXA