```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  LUQMAN DABIRI,

                    Plaintiff,              MEMORANDUM & ORDER
                                               08-CV-4718(EK)

          -against-

  FEDERATION OF STATES MEDICAL BOARDS
  OF THE UNITED STATES, INC. and
  GENERAL MEDICAL COUNCIL,

                    Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Before the Court is Plaintiff Luqman Dabiri's renewed motion to seal this case in its entirety. For the reasons set forth below, the Court denies this request, but directs the Clerk of Court to move Plaintiff's medical records filed on the docket under seal.

## I. Relevant Procedural History

Fifteen years ago, the plaintiff, a medical doctor by trade, filed this action against Federation of States Medical Boards of the United States, Inc. ("FSMB"), a non-profit corporation representing medical boards in the United States, and General Medical Council ("GMC"), a United Kingdom-based public authority. He alleged that GMC deprived him of his right to due process by suspending his medical license without notice of hearing and then forwarding that suspension information to

FSMB, which included it in reports of Plaintiff's medical disciplinary history.  As alleged in the complaint and exhibits attached thereto, GMC's decision to restrict Plaintiff's license stemmed from an unfavorable determination of his mental competency, at the time, to practice medicine.  *See* Compl. ¶¶ 32-35, ECF No. 1; Compl. Ex. 1, ECF No. 22.  Plaintiff filed all documents in this case publicly, and at no time while the case was still pending did he seek to move any under seal.

Both FSMB and GMC moved to dismiss the complaint, referring to Plaintiff's competency determination in their motion papers' summary of the relevant factual allegations.  Judge Charles Sifton thereafter granted those motions on various grounds in March 2009.  *See Dabiri v. Fed'n of States Med. Bds. of U.S., Inc.*, No. 08-CV-4718, 2009 WL 803126, at *1 (E.D.N.Y. Mar. 25, 2009).  That opinion included a similar reference to the circumstances of Plaintiff's license suspension in its recitation of the complaint's allegations.  *Id.* at *2.

Only recently, in June 2022, Dabiri filed a letter request to seal the entire case.  *See* ECF No. 29.[1]  The Court denied that request with leave to renew, inviting Plaintiff to

---

[1] This case was reassigned to me for purposes of hearing Plaintiff's sealing request.  The Court assumes, for purposes of this Order, that it has ancillary jurisdiction to decide the request.  *See Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (ancillary jurisdiction allows a district court to "take actions necessary 'to manage its proceedings, vindicate its authority, and effectuate its decrees.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994))).

submit a revised motion to seal within thirty days that complies with the applicable legal standards. ECF No. 33. Plaintiff submitted a renewed motion, again requesting that the Court seal the docket in its entirety. Pl. Mot., ECF No. 34-1.

## II.  Legal Standards

Both the common law and the First Amendment protect the public's right to access judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).[2] The "burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). The Court briefly reviews the standards set out in *Lugosch*, as detailed in its prior order, here.

The Second Circuit has articulated a "three-step inquiry" for sealing documents under the common-law framework. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). First, a court must determine whether the records at issue are "judicial documents" — that is, documents "relevant to the performance of the judicial function and useful in the judicial process" — to which the presumptive right of access attaches. *Lugosch*, 435 F.3d at 119. Second, once a court concludes that such documents

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

are judicial documents, it must determine the weight of the presumption in favor of public access. *Id.* The weight of the presumption depends on both "the role of the material at issue in the [court's] exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Finally, "the court must balance competing considerations against" that presumption. *Lugosch*, 435 F.3d at 120. "Such countervailing factors" may include "the privacy interests of those resisting disclosure." *Id.*

Under the First Amendment framework, as relevant here, the presumptive right of access to judicial documents applies when "experience and logic support making the document[s] available to the public." *United States v. Erie County*, 763 F.3d 235, 239 (2d Cir. 2014). This approach requires a court to consider "(a) whether the documents have historically been open to the press and general public (experience)," and "(b) whether public access plays a significant positive role in the functioning of the particular process in question (logic)." *Id.* A party may overcome the strong presumption of access to judicial documents only if "higher values . . . so demand." *Lugosch*, 435 F.3d at 124. These restrictions require "specific, on-the-record findings that sealing is necessary to preserve

4

higher values" and the sealing order must be "narrowly tailored to achieve that aim."  *Id.*

### III. Discussion

As this Court previously advised Plaintiff, "sealing an entire case file is a last resort."  *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 602, 604 (S.D.N.Y. 2011).  Plaintiff has not met his burden of justifying sealing this case in its entirety.

At the first step, sealing the case would result in sealing numerous judicial documents — including the complaint and its exhibits, the parties' motion to dismiss briefing, and Judge Sifton's opinion dismissing the case — to which the presumptive right of access attaches.  *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139–40 (2d Cir. 2016) (complaint); *Alcon Vision, LLC v. Lens.com*, No. 18-CV-0407, 2020 WL 3791865, at *6 (E.D.N.Y. July 7, 2020) ("filings in connection with a motion to dismiss"); *Moroughan v. Cnty. of Suffolk*, No. 12-CV-0512, 2021 WL 280053, at *2 (E.D.N.Y. Jan. 24, 2021) (court's orders and written opinions).

As to the second step, Dabiri "seeks to hide the entirety of the case from the public eye," so the presumption of public access "has extraordinarily substantial weight."  *Zabolotsky v. Experian*, No. 19-CV-11832, 2021 WL 106416, at *2 (S.D.N.Y. Jan. 12, 2021).  The individual judicial documents

noted above likewise enjoy a "particularly strong presumption of public access." *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998).  Judge Sifton's opinion is itself an "adjudication" — a "direct exercise[] of judicial power[,] the reasoning and substantive effect of which the public has an important interest in scrutinizing."  *Id.*  Similarly, the complaint and the parties' motion to dismiss briefing, "which the Court considered and relied upon in reaching its decision[]," both directly affected that adjudication.  *Id.*; *Bernstein*, 814 F.3d at 142-43.  Thus, the "presumption of access is at its zenith."  *Bernstein*, 814 F.3d at 142.  That presumption, moreover, "does not dissipate once the case is over," as the public simply "cannot evaluate a case that is sealed in its entirety."  *Zabolotsky*, 2021 WL 106416, at *2.

At the third step, as to countervailing factors, Plaintiff argues that the docket "contains and publicizes sensitive medical information."  Pl. Mot. 1.  Courts have "recognized [a] privacy interest in medical records."  *United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006).  Accordingly, "[c]ourts in this Circuit routinely seal medical records, without sealing the entire case, to protect the plaintiff's privacy interest in those records."  *Toolasprashad v. Toolasprashad*, No. 21-CV-4672, 2021 WL 4949121, at *3

6

(E.D.N.Y. Oct. 25, 2021) (collecting cases).  That privacy interest in medical records, however, "is neither fundamental nor absolute," *Sattar*, 471 F. Supp. 2d at 387, and in this case, does not overcome the strong presumption of public access to justify the full relief that Dabiri seeks.

On the one hand, Plaintiff (who was represented by counsel at the time) filed information relating to his medical history on the public docket, where it has remained accessible to the public for over thirteen years.  The records' long-term availability in the public domain not only weighs against sealing them.  *See Byfield v. New York City Dep't of Educ. (NYCDOE)*, No. 22-CV-5869, 2022 WL 3362874, at *1 (S.D.N.Y. July 29, 2022); *Jin v. Choi*, No. 20-CV-09129, 2021 WL 3159808, at *1 (S.D.N.Y. June 17, 2021) (Aaron, M.J.) (plaintiff's privacy interest "undermined by" records' availability on the public docket "for at least one month, and in several cases close to four or five months").  That public availability also suggests a certain futility in doing so.  "As the Second Circuit has noted, the Court has no ability to make private that which has already become public." *Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 739 (S.D.N.Y. 2018); *see Sparman v. Edwards*, 325 F. Supp. 3d 317, 319 (E.D.N.Y. 2018) ("Whether to seal an opinion 20 years after its entry on the public docket is, essentially, an

7

academic exercise because . . . it has already been widely circulated in the public domain.").

On the other hand, a party arguably maintains a privacy interest in his personal medical information — distinct from, for example, confidential business information — even after some degree of public disclosure.  This privacy interest continues even where a plaintiff "has put his medical condition at issue" in a lawsuit and filed "medical records on the public docket."  *Braxton v. City of New York*, No. 17-CV-00199, 2021 WL 7287625, at *7 (S.D.N.Y. Dec. 7, 2021), *R & R adopted sub nom. Braxton/Obed-Edom v. City of New York*, No. 17-CV-199, 2022 WL 443816 (S.D.N.Y. Feb. 14, 2022); *accord Valentini v. Grp. Health Inc.*, No. 20-CV-9526, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020) (granting defendants' request to seal plaintiff's own medical records, over plaintiff's objections, in case where she put health information at issue).

Balancing the strong public presumption of access and the countervailing privacy interests, the Court will seal the medical records filed as an exhibit to the complaint, as well as those attached to Plaintiff's sealing requests.  *See* ECF Nos. 22, 29, 32, and 34-4.  These records contain more detailed medical information, including examination and evaluation notes from Plaintiff's treating doctors.  The Court will not seal other mentions of Plaintiff's mental competency determination

8

contained on the docket, including those in the parties' motion papers and Judge Sifton's opinion.  *See, e.g.*, *Jin*, 2021 WL 3159808, at *1 (sealing plaintiff's detailed medical records, but not sealing other references to parties' health information filed publicly on the docket).

Dabiri's representations that the case has caused him "lack of employment, lost jobs and wages, and career advancement," *see* Pl. Mot. 1, do not justify any further sealing of the record.  A "possibility of future adverse impact on employment," as Plaintiff contends here, is not a "higher value sufficient to overcome the presumption of access to judicial documents." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018); *see, e.g.*, *Badinelli v. Tuxedo Club*, No. 15-CV-6273, 2018 WL 6411275, at *2 (S.D.N.Y. Dec. 6, 2018) (the "interest in privacy, professional reputation, and earning capacity" did not outweigh presumption of public access); *Alexandria Real Est. Equities, Inc. v. Fair*, No. 11-CV-3694, 2011 WL 6015646, at *3 (S.D.N.Y. Nov. 30, 2011) (denying sealing request, despite the fact that filings "may be read by future employers who may be less likely to hire him as a result of knowing the details of his employment history").[3]

---

[3] In his sealing request, Dabiri repeatedly refers to the medical information at issue in this case as "incorrect" and "unproven."  *See* Pl. Mot. 1-3.  The Court notes, in clarification, that Judge Sifton's opinion did

9

## IV. Conclusion

For the reasons set forth above, Plaintiff's request to seal the entire case is denied. The Clerk of Court is directed to move under seal the documents filed at ECF Nos. 22, 29, 32, and 34-4.

SO ORDERED.

                                                       /s/ Eric Komitee
                                                      ERIC KOMITEE
                                                      United States District Judge

Dated:    May 31, 2023
           Brooklyn, New York

---

not rule on the accuracy of this information. Instead, that opinion and the defendants' briefing in relation thereto assumed the factual allegations of Plaintiff's complaint and its exhibits to be true, as they must at the motion-to-dismiss stage. See *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). The Court likewise takes no position on the accuracy or significance of this medical information, either at the time it was filed on the docket or today.

10